# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FATIMA MUSTAFA**, *Pro Se* | * | |
| Debtor-Appellant | * | |
| v. | * | Civil No. **PJM 16-3828** |
| **TIMOTHY P. BRANIGAN** | * | |
| Chapter 13 Trustee-Appellee | * | |

********

| | | |
|---|---|---|
| **FATIMA MUSTAFA**, *Pro Se* | * | |
| Debtor-Appellant | * | |
| v. | * | Civil No. **PJM 16-4007** |
| **TIMOTHY P. BRANIGAN** | * | |
| Chapter 13 Trustee-Appellee | * | |

## MEMORANDUM OPINION

*Pro Se* Debtor-Appellant Fatima Mustafa appealed four orders issued in a single bankruptcy proceeding, *In re Fatima Mustafa*, Ch. 13 Case No. TJC 15-20053 (Bankr. D. Md.), which were docketed in this Court as four separate cases. *See* Civ. Nos. PJM 16-494, PJM 16-523, PJM 16-3828, PJM 16-4007. The Court has already considered and affirmed the Bankruptcy Court with respect to two appeals of lift-stay orders pertaining to post-foreclosure proceedings on two residential properties. *See Mustafa v. PennyMac Corp. by PennyMac Loan Servs., LLC,* No. CV PJM 16-494, 2017 WL 1176057 (D. Md. Mar. 29, 2017).

1

The Court now addresses the other two appeals, both of which relate to orders dismissing the underlying bankruptcy. In Civ. No. PJM 16-3828 *Mustafa v. Branigan,* she seeks relief from the Bankruptcy Court's Order dismissing the proceeding, *see* ECF No. 1-1, and in Civ. No PJM 16-4007 *Mustafa v. Branigan*, she seeks relief from the Bankruptcy Court's Order denying her motion to reinstate the bankruptcy case. ECF No. 1-1.

For the reasons that follow, the Court **AFFIRMS** the orders of the Bankruptcy Court for the District of Maryland in both cases.

## I. FACTUAL AND PROCEDURAL HISTORY

Mustafa filed a petition for Chapter 7 bankruptcy relief on July 20, 2015, which was voluntarily converted into a Chapter 13 case a month later. ECF No. 1-1, at 1. Chapter 13 of the Bankruptcy Code allows an individual with a regular income to pay some or all of her debts over 3-5 years and keep some or all of her property by developing and complying with a payment plan under the supervision of a Chapter 13 trustee. *See* 11 U.S.C. § 1322. Mustafa was represented by counsel in the bankruptcy proceeding but in this Court she is acting *pro se*.

The facts of the case are uncomplicated and, it appears, undisputed in this Court. According to an opinion written by Bankruptcy Judge Catliota who presided over the case, four creditors held claims against Mustafa totaling $46,000, whose monthly net income after expenses was determined to be $3,370. Civ. No. PJM 16-4007, ECF No. 1-1, at 1.

Mustafa did not appear at two separate meetings with creditors in 2016, spurring the Chapter 13 Trustee, Thomas Branigan, to file two motions to dismiss the proceedings. *See* Bankr. No. TJC 15-20053, ECF Nos. 44, 86. Both were denied by the Bankruptcy Court. *Id.* at 51, 121. But, for more than a year, Mustafa also failed to submit critical records to Branigan,

including tax returns, bank statements, and proof of her husband's and son's social security status. Civ. No. PJM 16-4007, ECF No. 1-1. Mustafa does not dispute that she failed to submit this material, though she submits that eventually, on September 3, 2016, she did submit them. ECF No. 2-6 at 3.

The most prominent cause of delay, however, was that for a year into her case, Mustafa proposed three different Chapter 13 plans, none of which was deemed suitable for confirmation by the Bankruptcy Court. *See* Civ. No. PJM 16-4007, ECF No. 1-2. Judge Catliota ultimately gave Mustafa "one last chance" to amend her plan by August 26, 2016. Civ. No. PJM 16-3828, ECF No. 1-1, at 3. On August 23, 2016, she filed an amended plan, but on October 3, 2016, the Bankruptcy Court declined to confirm it. Civ. No. PJM 16-4007, ECF No. 1-2. Then, with extraordinarily tender mercy, the Bankruptcy Court gave Mustafa until October 21, 2016 to file yet another plan, warning that:

> [I]f within the time granted for amendment the Debtor(s) fail(s) to file an Amended Plan, voluntarily dismiss this case, or the case is not converted to a case under another chapter, the court may reconvert this case to a case under Chapter 7 or dismiss this case, without further notice or hearing, because of Debtor's failure to prosecute the case.

Civ. No. PJM 16-4007, ECF No. 1-1, at 3. On October 21, 2016, Mustafa filed a motion to extend the time to file her final plan, which the Bankruptcy Court, with continuous generous solicitude, granted, giving her an extension until November 12, 2016. *Id*.

Ten days after that deadline had passed, without receiving a filing from Mustafa, Judge Catliota dismissed her Chapter 13 case, citing his October 3, 2016 order. Civ No. PJM 16-3828, ECF No. 1-1. That same day, Mustafa filed a Motion to Reinstate Chapter 13 Case ("Motion to Reinstate"). Civ. No. PJM 16-4007, ECF No. 2-4 at 2.

Then, while the Motion to Reinstate was pending before the Bankruptcy Court, Mustafa appealed the Order of Dismissal that the Motion to Reinstate was based on. That appeal was docketed in this Court as Civ. No. PJM 16-3828.

On December 1, 2016, Judge Catliota denied the Motion to Reinstate. Civ. No. PJM 16-4007, ECF No. 2-5, an order that Mustafa appealed as well. That appeal was docketed in this Court as Civ. No. PJM 16-4007.

Trustee Branigan has not responded to either of the appeals. [1]

## II. ANALYSIS

The U.S. District Court has jurisdiction to review final decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

The Court considers the appeal of the Order of Dismissal, then the appeal of the Order denying the Motion to Reinstate.

*A. Order of Dismissal*

A Bankruptcy Court may "on request of a party in interest or the United States Trustee," "after notice and a hearing . . . convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . failure to file a plan timely under section 1321 of this title." 11

---

[1] The only sanction for not filing a response is that "[a]n appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission." F.R.B.P. 8018. Pursuant to L.R. 105.6, the Court finds oral argument unnecessary.

4

U.S.C. § 1307 (c)(3). In addition, "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "Any action" includes dismissal. *See In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996).

In this case, the Bankruptcy Court ultimately dismissed the underlying case *sua sponte* without notice or a hearing, Civ. No. PJM 16-3828, ECF No. 2-2, but only after warning that it might take that action "if within the time granted for amendment the Debtor(s) fail(s) to file an Amended Plan." ECF No. 2-5 at 3.

The Bankruptcy Court's action was taken only after a long history of missed deadlines and deficient plans. As mentioned previously, Mustafa missed two meetings scheduled with creditors. *See* Civ. No. PJM 16-4007, ECF No. 1-2 at 15, 21. And, by her own admission, she also waited until September 13, 2016, more than a year after her initial filing in the Bankruptcy Court, to provide Branigan with basic financial documents. Civ. No. PJM 16-3828, ECF No. 2-6.

Most significantly, perhaps, Mustafa submitted a total of four plans that were deemed deficient, which the Bankruptcy Court declined to confirm. *See* Bankr. No. TJC 15-20053, ECF Nos. 37, 129, 137, 154 (plans); Bankr. No. TJC 15-20053, ECF Nos. 57, 134, 149, 158 (not confirmed). The order denying the latest plan gave Mustafa until October 21, 2016 to amend. Bankr. No. TJC 15-20053, ECF No. 158. Mustafa missed that deadline, waiting until the day her plan was due to ask for another extension. Bankr. No. TJC 15-20053, ECF No. 161. But the Court generously gave Mustafa until November 12, 2016 to file. Civ No. PJM 16-3828, ECF No. 2-7, at 5.

Only on November 22, 2016, when Mustafa had still not submitted anything to the Court ten days after the Fifth Amended Plan was due did the Bankruptcy Court take action on its own.

The Bankruptcy Court's action was entirely appropriate. Having warned Mustafa on two occasions that she would have one "final chance" to submit a Chapter 13 plan that conformed to the requirements of the Bankruptcy Code, the Bankruptcy Court perceived Mustafa's pattern of late, deficient submissions and missed meetings as an abuse of the bankruptcy process and dismissed the proceeding. This Court finds that the Bankruptcy Court was fully justified in doing so and **AFFIRMS** the judgment of the Bankruptcy Court in Civ. No. PJM 16-3828, ECF No. 1-1.

*B. Order Denying the Motion to Reinstate*

The Bankruptcy Court also properly denied Mustafa's Motion Reinstate.

Pursuant to F.R.B.P. 9023, Fed. R. Civ. P. 59 governs a motion to alter or amend a judgment. By asking the Bankruptcy Court to reinstate the case, Mustafa was in effect asking it to alter its final judgment dismissing the case. She had no grounds for doing so.

A court may amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)). Mustafa does not argue that any of these factors obtain here. Instead, she avers that at the time of the dismissal she was in compliance with "most" of the Bankruptcy Court's orders – *i.e.*, she had made all the payments to Trustee Branigan required under her interim payment plan; she had continued to cooperate with creditors as well as Trustee Branigan;

6

she had repeatedly amended her plan; and although belatedly, she had submitted all of her financial information to Branigan. *See* Civ. No. PJM 16-3828, ECF No. 4 at 6.

These explanations are beside the point. None of Mustafa's arguments address the core reason that the Bankruptcy Court ultimately dismissed the case – specifically, because, after more than a year, she had failed to submit a Chapter 13 plan that conformed with the requirements of 11 U.S.C. § 1325. Mustafa has not mentioned, much less met any of the factors required to meet the high threshold for amending a judgment set forth in Fed. R. Civ. P. 59.

The Court **AFFIRMS** the Order denying the Motion to Reinstate in Civ. No. PJM 16-4007, ECF No. 1-1.

### III. CONCLUSION

In sum:

The Bankruptcy Court's Order with Notice Dismissing Chapter 13 Case Upon Failure to Amend and Notice that Automatic Stay is Terminated, Civ. No. PJM 16-3828, ECF No. 1-1, is **AFFIRMED.**

The Bankruptcy Court's Order Denying Motion to Reinstate Case, Civ. No. PJM 16-4007, ECF No. 1-1, is **AFFIRMED.**

The Clerk is directed to **CLOSE** the following cases: Civ. Nos. PJM 16-3828 and PJM 16-4007.

Mustafa's entire appeal (*i.e.,* all four dockets) has now been addressed.

A separate Order will **ISSUE.**

/s/
**PETER J. MESSITTE**

**UNITED STATES DISTRICT JUDGE**

**June 16, 2017**